Hitchcock, C. J.
I concur in the opinion of the court affirming the judgment of the court of common pleas; and it seems to me that this may be done without conflicting at all with the authorities which have been cited by the plaintiffs in error. If this case were, in its principal features, like any one of those reported and referred to, I should hesitate long before I would consent to disregard those *371 decisions. They were decisions made by highly respectable tribunals, and by men whose opinions are entitled to the highest consideration. But in each case referred to as being decided in the United States, the action was commenced for an injury received by one employe or servant of the company, in consequence of the neglect or default of another employe or servant of the same company, both at the time being engaged in the running of the cars»
This case, as it appears from the bill of exceptions, is entirely different. The neglect complained of, is not the neglect of an employe or servant of the company upon the road, but the neglect of the company itself; so far as an incorporated company can be chargeable with neglect.
It appears that the company determine upon the places where the trains shall pass each other, when running the same way or different ways. Through their superintendent they furnish their engineers and conductors with cards, stating the several places where the trains are to pass, with other instructions, by which the engineers and conductors are to be regulated in running.
Previous to August 13,1846, the day on which the collision which caused the injury took place, Plainville had been the place fixed for the passing of the up and down trains upon the road of the plaintiff in error. Before that day, however, the company had determined on a different place at which these trains should pass each other'. The change was to take place *on the 13th of August; and on that day and afterward, until further directions given, the up and down trains were to pass each other at Columbia. Cards were prepared in conformity with this change, and it seems were furnished to the conductor and engineer of the down train. There is no proof, however, that any such card was furnished to Stevens, the engineer of the up train, and it is doubtful whether any was furnished the conductor. One witness swears that after the accident occurred, ho saw the cards delivered, by a man by the name, of Lewis, to both Stevens, the engineer,, and Smith,, the conductor» Here seems to have been the cause of collision. The card by which the engineer on the down train ran, directed him to pass the up train at Columbia, while the card by which the engineer of the up train ran, directed him to pass the down train at Plainville., While thus running, in pursuance of the directions given to them respectively, the collision took place. Had cards been delivered to the conductor and engineer on the up train, as they should *372 have been, there is no probability that there would have been any collision.
Hero was negligence, in consequence of which an injury resulted to the defendant in error. It was not the negligence of any employe of the company, assisting in running the cars ; unless, by possibility, the conductor of the train had been notified of the change, of which there is no satisfactory proof. But it was the negligence of the company itself, or of its immediate agent, the superintendent of the road.
Now, suppose an individual had been placed in the situation of the railroad company, and a similar injury had resulted, in consequence of a like neglect on his part, can there be a doubt that he must have been liable to respond in damages for that injury ? If, under such circumstances, an individual would be liable, surely there can bo no sound reason why a corporation should not be. In this respect, I should be disposed to put corporations and individuals upon the same footing.
But it is said a corporation acts by agents, and if it employs faithful and competent agents, this is all that can be required. *True, a railroad company must act by agents, but I apprehend it must be responsible for the acts or neglects of those agents, so long as the agents are acting within the scope of their authority. The superintendent is a proper representative of the company, and, perhaps, to a certain extent the conductor of a train may be. But the employes or servants of a company, engaged in making or repairing their road, or in running their cars, can not bo held to be their agents.
It is because this injury resulted from the negligence of the company itself, or of an agent whose duty it was to give the notice before referred to, that I hold the judgment should be affirmed; and it seems to me the case is entirely different from those referred to in the books.
As to tho/charge of the court of common pleas, although not given precisely as asked by the plaintiff in error, it did appear to me to be all that could, with propriety, be required.
The damages assessed by the jury appear to have been high, and, I might think, extravagant, considering the commendable conduct of the company after the accident; but of that, this court can not as well determine as the court which heard the trial.